UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLANTE & MORAN CRESA, L.L.C.,

    Plaintiff,                                         Case No. 05-60112

v.                                                     Hon. John Corbett O'Meara

KAPPA ENTERPRISES, L.L.C., *et al.*,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Before the court are Kappa Enterprises' motion for summary judgment, filed March 30, 2006, and Flagstar Bank's motion for partial summary judgment, filed April 3, 2006. Plaintiff submitted a combined response on April 10, 2006; Flagstar filed a reply on April 17, 2006. The court heard oral argument on June 8, 2006, and took the matter under advisement. For the reasons set forth below, Defendants' motions are granted.

## BACKGROUND FACTS

Plaintiff, Plante & Moran Cresa, L.L.C., offers project management services to property owners to help them design and construct buildings; such services typically include overseeing the architect, land acquisition, contractor bidding, and construction. Plaintiff provided project management services to Defendant Kappa Enterprises, L.L.C., with respect to the development of a hotel in Southfield, Michigan. Plaintiff and Defendant Kappa entered into a contract on December 9, 1999, which stated that Plaintiff would provide project management services for the hotel design and construction in exchange for a lump sum payment of $189,000. See Def.'s Ex. B (contract). Plaintiff apparently obtained the contract by convincing Kappa that its original

choice intended to charge too much. Defendant Kappa paid Plaintiff in installments in accordance with the contract, beginning on January 15, 2000, and continuing until February 15, 2001.[1] The contract, which was drafted by Plaintiff, does not provide for a termination date or for any additional payment to Plaintiff should unforseen delays occur.

According to Plaintiff, the hotel project took significantly longer than Plaintiff expected. One of Plaintiff's representatives, Paul Rivetto, testified that he expected the hotel to be designed and built within twelve months, with a completion date around the end of 2000. Plaintiff claims to have submitted a schedule to Defendant Kappa, but neither party has been able to produce it. The design and construction of the hotel was delayed for various reasons. The hotel was substantially complete in July 2002 when a sprinkler head burst and other water leaks caused flooding. The flooding damaged carpeting and drywall, which had to be ripped out and replaced. The flood remediation work took approximately 18 months and ended in January 2004.

Plaintiff contends that Kappa owes it an additional $105,000 for project management services it provided after the flood. According to Plaintiff, such services are outside the scope of the parties' fixed-fee agreement. Plaintiff further claims that Kappa agreed to pay the additional amount, but never followed through.

Defendant Kappa contends that the flood remediation work is within the scope of the parties' flat fee agreement and that it does not owe additional payments. Kappa denies that it agreed to pay any additional amount and argues that such an agreement is barred by the pre-existing duty rule. Kappa further argues that Plaintiff's unjust enrichment claim should be

---

[1] Kappa paid all of the contract price except for $5,000, which Plaintiff seeks to recover here, along with additional damages. The parties do not appear to dispute that Kappa owes Plaintiff $5,000.

-2-

dismissed.

Defendant Flagstar Bank has also filed a summary judgment motion on the same grounds. Flagstar is a defendant because it has an interest in the hotel property, upon which Plaintiff has asserted a lien.

## LAW AND ANALYSIS

Essentially, Defendants argue that the alleged oral agreement to pay $105,000 above the contract price is invalid for lack of consideration. "An essential element of a contract is legal consideration." Yerkovich v. AAA, 461 Mich. 732, 740 (2000). "Under the pre-existing duty rule, it is well settled that doing what one is legally bound to do is not consideration for a new promise." Id. at 740-41. The pre-existing duty rule "bars the modification of an existing contractual relationship when the purported consideration for the modification consists of the performance or promise to perform that which one party was already required to do under the terms of the existing agreement." Id. at 741.

Plaintiff contends that the pre-existing duty rule does not apply here, due to the unforseen circumstances of the flood. Plaintiff cites a 1941 Sixth Circuit case for this proposition. See Grand Trunk Western R. R. Co. v. H. W. Nelson Co., Inc., 116 F.2d 823, 834 (6th Cir. 1941) (applying Michigan law).

> The general rule that a promise to pay a construction contractor additional compensation for performance of a contract which he is under obligation to perform is invalid because [it is] without consideration, but the exception is equally well recognized that where, during the prosecution of the work, some unforeseen and substantial difficulties in its performance occur which were not known or anticipated by the parties when the contract was entered into and which casts upon the contractor additional burdens not contemplated and the contractee promises the contractor extra pay or benefits if he will complete the contract, such an agreement is

>   valid and enforceable. United States v. Cook, 257 U.S. 525, 526,
>   42 S.Ct. 200, 66 L.Ed. 350; Scanlon v. Northwood, 147 Mich. 139,
>   110 N.W. 493.

Grand Trunk, 116 F.2d at 834.

The issue here is whether the project management services related to the flood remediation were within the scope of the parties' written agreement. Exhibit A to the agreement outlines the scope of services Plaintiff was to provide. These services included preliminary design and site selection, design and construction, contractor bidding, and project close-out. See Def.'s Ex. B. Specifically, Plaintiff agreed to "[p]erform job observations as necessary to evaluate construction progress, adherence to project plans and specifications, and assist in resolving field problems and disputes in the most economical and expeditious manner possible." Id. at Ex. A, p. 7 (emphasis added). The parties clearly anticipated that problems would arise in the construction of the hotel and that Plaintiff would assist in resolving those problems. The work involved in providing project management services during the flood remediation phase was thus contemplated by the agreement and was within the scope of the services Plaintiff promised to provide.

The court finds that the flood was not an "unforseen difficulty" that would allow Plaintiff to seek additional payments beyond its fixed fee and defeat the application of the pre-existing duty rule. Plaintiff drafted this agreement, agreed to a fixed fee, and did not include any language regarding the anticipated time period for the project or what would constitute "extra work." Rather, Plaintiff specifically agreed to assist in resolving "field problems," which are presumably common in construction projects. Plaintiff assumed the risk that this project would take longer or involve more hours than it anticipated – that is the essence of a fixed-fee

agreement. The court finds that the "additional work" performed by Plaintiff was covered by the parties' written agreement, and that any alleged modification of that agreement is barred by the pre-existing duty rule.

In addition, the court will dismiss Plaintiff's unjust enrichment claim. "A contract will not be implied under the doctrine of unjust enrichment where a written agreement governs the parties' transaction." King v. Ford Motor Credit Co., 257 Mich. App. 303, 327 (2003). In this case, a written agreement governs the parties' transaction. Accordingly, Plaintiff cannot recover under an unjust enrichment theory.

Therefore, IT IS HEREBY ORDERED that Defendant Kappa Enterprises L.L.C.'s March 30, 2006 Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Defendant Flagstar Bank's April 3, 2006 Motion for Partial Summary Judgment is GRANTED.

Dated: June 09, 2006                    s/John Corbett O'Meara
                                        John Corbett O'Meara
                                        United States District Judge


Certificate of Service

I hereby certify that a copy of this Opinion and Order was served upon counsel of record electronically on June 09, 2006.

                                        s/William J. Barkholz
                                        Deputy Clerk